IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GERALD RICARDO SANDERS,

                Plaintiff

    VS.                                NO. 5:06-CV-280 (HL)

POLICE CHIEF KENT LAWRENCE, *et al.*,

                Defendants        **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                                   **BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Plaintiff GERALD RICARDO SANDERS filed the above-styled suit in which he alleges that the defendants violated his constitutional rights by arresting him falsely and using excessive force against him. Before the court is the defendants' MOTION FOR SUMMARY JUDGMENT which alleges that the plaintiff's claims regarding false arrest are barred by ***Heck v. Humphrey***, 515 U.S. 477 (1994), and that the defendants are entitled to judgment as a matter of law as to the plaintiff's claims of excessive force. Tab #18. The defendants' motion is supported by a number of exhibits and an attached brief. Plaintiff Sanders has responded to the defendants' motion, and the defendants have replied to his response. Tabs #20 and #21. The plaintiff has provided an affidavit in support of his response.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. **Clark v. Coats & Clark, Inc**., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

### FACTS

Plaintiff Sanders alleges (and the evidence most favorable to him shows) that he was on probation stemming from a conviction for selling cocaine when police officers saw a car he was driving in a neighborhood where the police were conducting a search for a suspected rapist. One of the officers thought he saw a man fitting the suspected rapist's description get out of the passenger seat of the plaintiff's car. Plaintiff then drove away, and an officer put out an alert for other law enforcement officers to be on the lookout for a vehicle fitting the plaintiff's car's description.

---

[1] *See also* **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); **Brown v. City of Clewiston**, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

Plaintiff Sanders' car was then spotted parked in a lot, and he was approached by a uniformed police officer who began to question him. A second officer arrived at the scene in order to identify the car as the one from which he had seen the suspected rapist exit.[2] A scuffle ensued. The officers drew their weapons, handcuffed the plaintiff, and used pepper spray on him. At some point during the incident, plaintiff bit the arm of one of the officers. The officers took plaintiff Sanders back to the police station where, according to plaintiff, they kicked him while he was handcuffed.

Plaintiff Sanders was charged with a number of offenses, including assaulting a peace officer and felony obstruction of a peace officer, as well as traffic violations of which he was not originally suspected.[3] These charges were *nolle prossed* in light of the revocation of the plaintiff's probation for selling cocaine. At the probation revocation hearing, the judge made a specific finding that Sanders "committed . . . aggravated assault on a police officer [and] obstruction of a police officer, felony grade." Tab #18-6 at 38 of 49.

## DISCUSSION

### False Arrest

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486 (footnote omitted).

---

[2]The police never apprehended the passenger from the plaintiff's car.

[3]Sanders was charged with driving with a suspended license, having no valid tag, and no proof of insurance.

Plaintiff Sanders's complaint makes clear that he is challenging the set of circumstances that led to his present incarceration, including what he alleges is a false arrest. Because the judge found that he had committed the crimes for which his probation was revoked (and is therefore currently incarcerated), if Sanders were to prevail on his claims of false arrest or any of his various other claims against the officers relating to his arrest and subsequent reincarceration, such would imply that the probation revocation was invalid. However, there is nothing in the record to support a finding that plaintiff's probation revocation has been reversed or otherwise invalidated. Accordingly, the plaintiff's claims regarding false arrest and perjury, as well as any other claims related thereto, are barred by *Heck*. IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED** as to those claims.

### Excessive Force

> [W]hether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Cockrell v. Sparks*, 510 F.3d 1307 (11th Cir. 2007) (*citing* ***Whitley v. Albers***, 475 U.S. 412 (1986). The use of force is permissible if "the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." ***Graham v. Connor***, 490 U.S. 386, 397 (1989).

Plaintiff's affidavit states that defendant officers FRANK DAY and GREG GAY drew their weapons and assaulted him before he presented any threat to the safely of the officers or the public. Sanders's affidavit includes an allegation that one of the officers used pepper spray — which caused him to lose consciousness — after he was handcuffed (Affidavit of Gerald Ricardo Sanders, Tab #20-5 at ¶7), and later that both of the defendant officers kicked him while he was restrained by handcuffs (*Id.* at ¶6). Plaintiff Sanders has set forth a set of facts upon which a jury could find that the actions of defendants Day and Gay were not objectively reasonable and that the force they used was *entirely* unnecessary and therefore not applied in a good faith effort to maintain discipline. Their version of what transpired on the day in question varies greatly from the plaintiff's account, but at this point in the proceedings, this court cannot make any conclusions based on credibility. Further factual development will be necessary in order to determine whether the defendant police officers used excessive force on the plaintiff.

However, plaintiff has not alleged sufficient actions or inactions by defendant KENT LAWRENCE to demonstrate that Lawrence participated in or had any knowledge of any force, excessive or justified, being used against the plaintiff. The only allegation against Lawrence is that he should have heard the plaintiff calling for help. Such contention does not arise to the level of a constitutional violation, thus requiring his dismissal from this lawsuit.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **DENIED** as to his claim of excessive force used by officers FRANK DAY and GREG GAY. However, IT IS RECOMMENDED that summary judgment be **GRANTED** as to plaintiff's claim of false arrest and as to all claims against defendant Kent Lawrence.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 27th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE