```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           MACON DIVISION
```

**GERALD RICARDO SANDERS,**

    **Plaintiff,**

    v.                            5:06-cv-280 (HL)

**OFFICERS FRANK DAY AND GREG GAY, and POLICE CHIEF KENT LAWRENCE,**

    **Defendants.**

## ORDER

Before the Court are Defendant's Motion for Summary Judgment (Doc. 18), the Magistrate Judge's February 27, 2008 Report and Recommendation as to that Motion (Doc. 23), and Objections from Officers Frank Day ("Day") and Greg Gay ("Gay"), and Police Chief Kent Lawrence ("Lawrence") (Doc. 24). After careful review of the record, the Court adopts the Magistrate Judge's Report and Recommendation and grants in part and denies in part the Motion for Summary Judgment.

## I. DISCUSSION

The facts of this case are set out in detail in the Report and Recommendation, and the Court will not revisit them here. In short, Plaintiff alleges that after detaining

him in handcuffs, Officers Day and Gay used pepper spray against him and kicked him, and that this was an excessive use of force under the circumstances. The Magistrate Judge has recommended denying summary judgment with regard to this claim, and Defendants object on a number of grounds.[1]

### A. Qualified Immunity

Qualified immunity protects government officials unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity involves a two-step analysis: first the court determines whether a constitutional violation actually occurred. See Hope v. Pelzer, 536 U.S. 730, 736 (2002). Then the burden shifts to government officials to show that they were acting within the scope of their discretionary authority. Lassiter v. Ala. A&M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994). The use of force is permissible if it is reasonable under all facts and circumstances. See Graham v. Connor, 490 U.S. 386, 395-97 (1989).

Defendants argue that summary judgment is appropriate because their use of force was reasonable. Construing the facts in the light most favorable to Plaintiff, however, a jury could find that the officers' use of force was not reasonable because Plaintiff was handcuffed when he was kicked and sprayed with pepper spray. Defendant's argument is therefore without merit.

---

[1]The Magistrate Judge also recommended dismissal for Plaintiff's claim for false arrest and for his claims against Chief Lawrence. Plaintiff has not objected to those recommendations and the Court endorses them in full.

### B. Actionable Injury

Defendants argue that Plaintiff has failed to identify a physical injury pursuant to 42 U.S.C. § 1997e(e). That statute requires prisoners seeking relief for mental or emotional injuries sustained while in custody to make a showing of physical injury in order to maintain a lawsuit. § 1997e(e). Even assuming that Plaintiff seeks redress for purely mental or emotional injuries, the Court finds that he has met the requisite showing of physical injury under the statute.

The Eleventh Circuit Court of Appeals addressed the definition of "physical injury" under § 1997e(e) in Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999), vacated in part by 216 F.3d 970 (11th Cir. 2000). The Harris court "fus[ed] the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 7 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and [held] that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant." Harris, 190 F.3d at 1286. For example, in Harris a prisoner alleged that a guard forced him to endure a "dry shave," which was simply a de minimis injury. Id.

The allegations of kicking and using pepper spray on a handcuffed suspect are sufficient to demonstrate more than a de minimis physical injury. The use of mace or pepper spray may be reasonable under the Eight Amendment under some circumstances to control a defiant prisoner. See, e.g., Williams v. Benjamin, 77 F.3d

756, 763 (4th Cir. 1996) (permitting small quantities of pepper spray to control recalcitrant inmates); Nealous v. Loyd, 2006 WL 4305219 (Dist. S.C. 2006) (use of pepper spray caused only de minimus injury when the prisoner had caused a disturbance and afterward officers offered him a chance to shower and take pain reliever). But the Court cannot conclude using mace and kicking Plaintiff was reasonable under the facts of this case when the Plaintiff has presented evidence that he was handcuffed and subdued at the time.

## II. CONCLUSION

The Magistrate Judge's recommendations are hereby accepted. The Motion for Summary Judgment is denied as to the claim of excessive force used by Officers Day and Gay. The Motion is granted as to Plaintiff's claim of false arrest and as to all claims against Chief Lawrence.

**SO ORDERED**, this the 19th day of March, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch