IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GERALD RICARDO SANDERS, | : | |
| Plaintiff, | : | |
| v. | : | 5:06-CV-280 (HL) |
| FRANK DAY and GREG GAY, | : | |
| Defendants. | : | |

## ORDER

Before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 31). He requests an attorney for the upcoming trial in his case scheduled to begin August 11, 2008. The claims remaining in this case are claims for excessive force against two officers who allegedly kicked defendant and sprayed him with pepper spray while he was handcuffed and posing no threat to the safety of the officers or public.

A district court has discretion to request that an attorney represent an indigent litigant. 28 U.S.C.A. § 1915(d); see also Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 326 (1989) (holding that the statute does not allow a court to require an unwilling attorney to accept the appointment). These litigants do not, however, have a statutory or constitutional right to appointed counsel. See Tabron v. Grace, 6 F.3d 147, 153 (3rd Cir. 1993) (no statutory right); Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (no constitutional right).

> Appointment of counsel in civil cases is . . . a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." [Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.1987)]. The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.

Kilgo, 983 F.2d at 193.

The claims that remain in this case present no especially complex facts or legal arguments. In addition, the Court has placed no onerous procedural burdens on Plaintiff. C.f. Kilgo, 983 F.2d at 193 (calling district court's insistence that plaintiff comply with complex procedures "daunting"). Although Plaintiff's claims would no doubt be easier to prosecute with the assistance of an attorney, the same is true for virtually all litigants who proceed pro se. This reason is therefore not sufficient to create the "exceptional circumstances" that are necessary to justify appointment in a civil case. Plaintiff's request for appointment of counsel is therefore denied.

**SO ORDERED**, this the 16th day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch